IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DARNELL ALONZO KEYES, a/k/a ) <br> DARNELL ALONZO KEYES, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD SWANN, ET AL., ) <br> ) <br>     Defendants. ) | Case No. 2:18-cv-02478-JTF-dkv |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION/DETERMINATION AND DENYING
## OBJECTIONS/APPEAL

Before the Court is a document submitted by *pro se* Plaintiff Darnell Alonzo Keyes titled "Supplement to the Motion and Request for Appointment of Counsel and Reparative Injunction Prohibitory Injunction"; the document was filed on July 25, 2018. (ECF No. 5.) Plaintiff also submitted a document on October 19, 2018, requesting clarification of the Order assessing a $350.00 filing fee in accordance with the PLRA, (ECF No. 4). (ECF No. 6.) This Court referred the matters to the Chief Magistrate Judge for report and recommendation and/or determination pursuant to 28 U.S.C. § 636. (ECF No. 7.) On January 25, 2019, the Chief Magistrate Judge entered a Report and Recommendation denying Plaintiff's Motion for a reparative injunction/prohibitory injunction. (ECF No. 8.) As part of its determination, the Magistrate also concluded that Plaintiff's request for the appointment of counsel should be denied and clarified the Order assessing PLRA filing fees. (*Id.*) Plaintiff filed his Objections/Appeal to the Magistrate Judge's Report and Recommendation and determinations on February 15, 2019. (ECF No. 9.) For the reasons below, the Court ADOPTS the Chief Magistrate Judge's Report and Recommendation

to DENY Plaintiff's Motion for Reparative Injunction/Prohibitory Injunction, ADOPTS the Magistrate's determination to DENY the appointment of counsel, ADOPTS the Magistrate's clarification regarding PLRA fees, and DENIES Plaintiff's Objections/Appeal regarding the Magistrate's Report and Recommendation and determinations.

## I.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation and/or determination. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted)  A district court must review dispositive motions under the *de novo* standard. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *East Brooks Books, Inc. v. Shelby Cty.*, No. 08-2101-STA, 2008 U.S. Dist. LEXIS 48979, at *31 (W.D. Tenn. June 23, 2008) (reviewing preliminary injunction under *de novo* standard). A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. Fed. R. Civ. P. 72(a). Legal conclusions are reviewed under the contrary to law standard, allowing a court

to overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Steede v. Gen. Motors, LLC*, No. 11-2351-STA-dkv, 2012 U.S. Dist. LEXIS 79465, at *7–8 (W.D. Tenn. June 7, 2012) (quoting *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quotation omitted)).

Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II. ANALYSIS

*Motion for Preliminary Injunction*

The Court agrees with and adopts the Magistrate Judge's recommendation to deny Plaintiff's request for a reparative injunction/prohibitory injunction. A request for a preliminary injunction is governed by Fed. R. Civ. P. 65. *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 427 (6th Cir. 2014). "Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). "Courts examine

four factors in deciding whether to grant a preliminary injunction: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction will serve the public interest. *Bradfield v. Perry*, No. 17-5450, 2017 U.S. App. LEXIS 24358, at *2–3 (6th Cir. Nov. 30, 2017).

Here, the Magistrate recommends denial, in part, based on Plaintiff's failure to show he is likely to suffer irreparable harm as well as his failure to address his likelihood of success on the merits, harm posed to others, and the public interest in the relief requested. (ECF No. 8, 7.) The Court agrees with the Chief Magistrate Judge. No where in his Motion (or Complaint) does Plaintiff address the Fed. R. Civ. P. 65 factors necessary to this Court's consideration in imposing injunctive relief.

*Appointment of Counsel*

The Court also agrees with the Chief Magistrate Judge's determination that Plaintiff "has not satisfied his burden of demonstrating that the appointment of counsel [is] appropriate in this case." (ECF No. 8, 4.) A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). Notably, however, "There is no constitutional right to the appointment of counsel in a civil case." *Hayes v. Wright*, 111 F. App'x 417, 419 (6th Cir. 2004). Rather, the "[a]ppointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances." *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012) (quoting *Lavado*, 992 F.2d at 606). "Proper considerations in determining whether to appoint counsel include the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case." *Id.*

Here, as found by the Magistrate, nothing sufficiently distinguishes Plaintiff's case from other *pro se* prisoner cases. Plaintiff bases his request for counsel on the assertion that he has poor mental and chronic health, does not have a job, and is facing retaliatory and harassing behavior. (ECF No. 5, 1–2.) Such a circumstance, however, does not necessitate the appointment of counsel here, particularly since Plaintiff's claims do not appear relatively unique or complex. *Reed v. Craig*, No. 1:11-cv-00719, 2012 U.S. Dist. LEXIS 82049, at *2–3 (S.D. Ohio June 13, 2012), *adopted by* 2012 U.S. Dist. LEXIS 110267 (denying the appointment of counsel for an indigent plaintiff in a civil case, even though the plaintiff cited his mental health issues, incarceration, level of education, and need for representation at trial). Even more, given the bare factual allegations asserted by Plaintiff, his chances of success appear slim. *Blankenship v. Wilkinson*, No. 2:10-cv-917, 2012 U.S. Dist. LEXIS 16481, at *4–7 (S.D. Ohio Feb. 9, 2012) (finding that arguments made about factual and legal complexities of a case for purposes of appointment of counsel, such as an inmate's mental health and limited access to law library, do not outweigh a determination of whether the underlying claims are likely of substance and finding that a claim lacked substance where the record was too bare to determine whether the plaintiff stood a good chance of proving their claim). Accordingly, the Court does not find the Magistrate's determination contrary to law and agrees with and adopts the Magistrate's determination to deny Plaintiff's request for the appointment of counsel based on Plaintiff's filings.

*PLRA Payment Clarification*

Upon reviewing the Chief Magistrate Judge's determination and the record in this case, the Court also agrees with and adopt the Chief Magistrate Judge's clarification of PLRA payments assessed against Plaintiff in the Court's Order Granting Leave to Proceed *In Forma Pauperis* and

Assessing $350.00 Filing Fee in Accordance with PLRA, (ECF No. 4), as the determination is not contrary to law. (ECF No. 8, 7–8.)

*Objections*

Lastly, the Court finds that Plaintiff's Objections/Appeal to the Chief Magistrate's Report and Recommendation should be DENIED. As an initial matter, this Court notes that it need not consider the merits of Plaintiff's Objections, as they are untimely, *Anders v. Shelby Cty.*, No. 16-cv-02775-SHM-cgc, 2017 U.S. Dist. LEXIS 147029, at *9 (W.D. Tenn. Sept. 12, 2017). (*Compare* 28 U.S.C. § 636(b)(1)(C) (allowing a fourteen (14) day period for the filing of objections to a magistrate's proposed findings and recommendations), *with* ECF No. 8 (Report and Recommendation entered January 25, 2019), *and* ECF No. 9 (Objections filed on February 15, 2019). Even assuming, *arguendo*, that Plaintiff's Objections were timely, the Objections fail because the assertions therein are overly general and not particularized. The Objections do not specify a single issue of contention with the Magistrate's Report and Recommendation. Instead, the Objections take the form of a more detailed Motion to Appoint Counsel and a more detailed Motion for Reparative Injunction/Prohibitory Injunction that adds factual assertions to Plaintiff's allegations, citations to caselaw and relevant authority, as well as legal analysis. Thus, Plaintiff's Objections should be DENIED.

### III. CONCLUSION

Upon review, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation to **DENY** Plaintiff's Motion for Reparative Injunction/Prohibitory Injunction; **ADOPTS** the Magistrate's determination to **DENY** Plaintiff's Request for Appointment of Counsel; and **ADOPTS** the Magistrate's clarification regarding PLRA payments. Additionally, the Court **DENIES** Plaintiff's Objections/Appeal regarding the Report and Recommendation.

**IT IS SO ORDERED** on this 5th day of March 2019.

                                                              *s/**John T. Fowlkes, Jr.***
                                                              John T. Fowlkes, Jr.
                                                              United States District Judge